UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JAY MENARD                                    CIVIL ACTION NO. 6:11-cv-01517

VERSUS                                        JUDGE DOHERTY

MIDWEST MEDICAL SUPPLY CO.,                   MAGISTRATE JUDGE HANNA
L.L.C.


### *SUA  SPONTE*  JURISDICTIONAL  BRIEFING  ORDER

This matter was removed from state court by the defendant, Midwest Medical

Supply Co., L.L.C.  The defendant contends that this Court has jurisdiction over this

action because the parties are diverse in citizenship and the amount in controversy

exceeds the jurisdictional threshold of $75,000.

Under  28  U.S.C.A.  §  1332,  federal  district  courts  have  subject  matter

jurisdiction over civil actions in which the amount in controversy exceeds $75,000

exclusive of interest and costs and the parties are citizens of different states.  The

person  seeking  to  invoke  federal  court  jurisdiction  has  the  burden  of  proof  of

demonstrating, at the outset of the litigation, that the federal court has authority to

hear the case.[1]  Therefore, a removing party bears the burden of showing that federal

---

[1]      *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

jurisdiction exists.[2]  Furthermore, the basis for diversity jurisdiction must be distinctly and affirmatively alleged.[3]

Midwest contends that the parties are diverse in citizenship.  In his petition, the plaintiff stated that he is a citizen of the State of Louisiana.  (Rec. Doc. 1-1 at 3).  In its removal notice, Midwest Medical Supply avers that it is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.  (Rec. Doc. 1 at 2).  This, however, is insufficient to establish Midwest Medical Supply's citizenship.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[4] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[5]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[6]  If any one of the members is not diverse, the limited liability company is

---

[2]      *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

[3]      *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[4]      See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[5]      *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[6]      See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or

not diverse.  Because Midwest has not identified each of its members and stated each member's citizenship, the undersigned is unable to determine whether the plaintiff and the defendant are diverse.

The undersigned is also unable to determine whether the jurisdictional threshold has been satisfied with regard to the amount in controversy.  In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in its petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[7]  To satisfy that burden, Midwest must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[8]

In his petition, the plaintiff averred that he is entitled to recover an unpaid bonus, which was to have been calculated in accordance with a contract between he and the defendant.  But the contract was not attached to the petition, and no evidence

---

association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, No. 09-2020, 2010 WL 299257, at *1 (W.D. La. Jan. 19, 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, No. 09-1691, 2009 WL 5198183, at *1 (W.D. La. Dec. 22, 2009).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

[7]     *St. Paul Reinsurance*, 134 F.3d at 1253.

[8]     *St. Paul Reinsurance*, 134 F.3d at 1253.

of the appropriate figures to be plugged into the contractual formula were set forth in the petition.  Therefore, the undersigned finds that the amount in controversy is not facially apparent.

In such a situation, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[9]  Although Midwest's removal notice references a formula and certain figures, Midwest presented insufficient evidence to prove that the amount in controversy exceeds the jurisdictional minimum.

As the removing party, Midwest has the burden of proving that this Court has jurisdiction over this matter.  Midwest has pleaded insufficient facts to establish that the parties are diverse in citizenship and insufficient facts to establish the amount in controversy.

IT IS THEREFORE ORDERED that, not later than twenty-one days after the date of this order, Midwest shall file a memorandum setting forth specific facts that support findings that the amount in controversy exceeds the jurisdictional minimum and the parties are diverse in citizenship.  These facts should be supported with

---

[9]     *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

-4-

summary-judgment-type evidence.  The plaintiff will then be allowed seven days to respond to the defendant's memorandum.

Signed at Lafayette, Louisiana, this 7th day of February 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)