UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JAY MENARD                                    CIVIL ACTION NO. 6:11-cv-01517

VERSUS                                        JUDGE DOHERTY

MIDWEST MEDICAL SUPPLY                        MAGISTRATE JUDGE HANNA
COMPANY, L.L.C.


## SECOND  SUA  SPONTE JURISDICTIONAL  BRIEFING  ORDER

This matter was removed from state court by the defendant, Midwest Medical
Supply Company, LLC, which argues that this Court has jurisdiction because the
parties are diverse in citizenship and the amount in controversy exceeds the
jurisdictional minimum.  The undersigned conducted a *sua sponte* jurisdictional
review and found that Midwest Medical had neither established that the amount in
controversy is sufficient nor that the parties are diverse in citizenship.  The
undersigned ordered the parties to brief those issues.  (Rec. Doc. 13).  The defendant
complied (Rec. Doc. 14), but the plaintiff did not respond within the time allotted.

After reviewing the defendant's submission (Rec. Doc. 14), the undersigned
finds that Midwest Medical has met its burden of demonstrating that the amount in
controversy exceeds the jurisdictional minimum.  However, the undersigned also

finds that Midwest Medical has failed to establish that the parties are diverse in citizenship.

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2]  A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3]  The burden of establishing federal jurisdiction rests on the party invoking the federal forum.[4]  In this case, Midwest Medical, the removing defendant, must bear that burden.  When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[5]   The citizenship of a limited liability company is determined by the citizenship of all of its members.[6]  When a member of an LLC is itself an LLC or a partnership, its members and their citizenship must be identified

---

[1]     *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]     *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3]     *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[4]     *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[5]     *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[6]     *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

and traced up the chain of ownership until one reaches only individuals and/or corporations.[7]  If any one of the members is not diverse, the LLC is not diverse.

Midwest Medical submitted the affidavit of John Kastberg, its chief financial officer.  In the affidavit, Mr. Kastberg identified Midwest Medical's eleven members and set forth addresses for each, stating that he was providing the ***residency*** of each of the members.  The affidavit establishes that seven of the members are individuals while four of the members are trusts.

"For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key."[8]  The Fifth Circuit has held that an allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship.[9]  Residency is just one element of citizenship.  "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."[10]  To establish domicile, both residency and the

---

[7]        See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[8]        *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980), citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[9]        *Great Plains Trust Co. v. Morgan Stanley*, 313 F.3d 305, 310 n. 2 (5th Cir. 2002); *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

[10]        *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

intention to remain must be demonstrated.[11]  However, evidence of a person's place of residence is *prima facie* proof of his domicile.[12]  In this case, the plaintiff has not attempted to refute the presumption that the seven individual members of the company are domiciled in, and therefore, citizens of the states listed in the affidavit as their residences.  Accordingly, the undersigned will accept that Steven G. Cushing, Edwin L. Warren, Thomas J. Harris, and Daniel Rieman are citizens of Missouri, that William D. Jacoby and Jo-Ann Winters are citizens of Illinois, and that Gina Marchese is a citizen of New York.

With regard to the members of the company that are trusts, however, insufficient information has been presented.  For diversity purposes, the citizenship of a trust is determined by the citizenship of **each** of its trustees.[13]  Therefore, to determine whether the four members of the defendant company are diverse in citizenship from the plaintiff in this lawsuit, Midwest Medical must identify the trustees of the four trusts and establish the citizenship of each trustee.  Midwest

---

[11]    *Preston v. Tenet*, 485 F.3d at 798.

[12]    *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011); *Preston v. Tenet*, 485 F.3d at 799.

[13]    *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 398 (5th Cir. 2009); *Bass v. International Broth. of Boilermakers*, 630 F.2d 1058, 1067 n. 17 (5th Cir. 1980).

Medical did not do so.  It merely provided an address for each of the trusts. Accordingly,

IT IS ORDERED that Midwest Medical shall file a memorandum, not later than seven days after the date of order, setting forth specific facts that support a finding that the parties are diverse in citizenship.  All such facts shall be supported with summary-judgment-type evidence.

IT IS FURTHER ORDERED that the plaintiff will be allowed seven days to respond to Midwest Medical's memorandum.

Midwest Medical is also reminded of Local Rule 83.2.6, which requires the signature of local counsel on all documents requiring the signature of a party's counsel.

Signed at Lafayette, Louisiana, this 14th day of March 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)