UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAY MENARD | CIVIL ACTION NO. 6:11-cv-01517 |
| VERSUS | JUDGE DOHERTY |
| MIDWEST MEDICAL SUPPLY COMPANY, L.L.C. | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This matter was removed from state court by the defendants, Occidental Fire & Casualty Insurance Company of North Carolina, Royal Freight, L.P., and Pervis Ellison. The defendants contend that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Under 28 U.S.C.A. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case.[1] Therefore, a removing party bears the burden of showing that federal

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

jurisdiction exists.[2] Furthermore, the basis for diversity jurisdiction must be distinctly and affirmatively alleged.[3]

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in its petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4] To satisfy that burden, the defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[5] In their removal notice (Rec. Doc. 1), the defendants noted that they have been advised that the plaintiff's special damages exceed $20,000 and the plaintiff is seeking to recover lost wages exceeding $200,000. The plaintiffs have not attempted to refute those allegations. The undersigned therefore finds that the defendants have established that the amount in controversy exceeds the jurisdictional minimum.

The defendants also contend that the parties are diverse in citizenship. In her petition, the plaintiff stated that she is domiciled in and therefore a citizen of the State

---

[2] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

[3] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[4] *St. Paul Reinsurance*, 134 F.3d at 1253.

[5] *St. Paul Reinsurance*, 134 F.3d at 1253.

of Louisiana. (Rec. Doc. 1-2 at 1). There are three defendants: Occidental Fire & Casualty Insurance Company of North Carolina, Royal Freight, L.P., and Pervis Ellison. The defendants are a corporation, a limited partnership, and an individual. Based on the information provided to date, the undersigned cannot determine whether the parties are diverse in citizenship.

In their removal notice (Rec. Doc. 1), the defendants aver that Occidental, a corporation, is domiciled in the State of North Carolina and has its principal office in North Carolina. A party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[6] The phrase "principal place of business" refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters.[7] The defendants did not identify the state in which Occidental was incorporated nor did they state its principal place of business.

In their amended removal notice (Rec. Doc. 4), the defendants state that Royal Freight, L.P. is a Texas partnership. "For purposes of federal diversity jurisdiction,

---

[6] See, e.g., *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

[7] *Hertz Corp. v. Friend*, ____ U.S. ___, 130 S.Ct. 1181, 1186 (2010).

the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen."[8] Therefore, a party invoking diversity jurisdiction must properly allege the citizenship of each and every partner. When a partner is a corporation, both the state of incorporation and the principal place of business must be stated. In this case, the defendants have not provided that information concerning Cargo Management, Inc., which is alleged to be Royal Freight's general partner.

When a partner is a natural person, his or her citizenship must be alleged. In this case, the defendants alleged that Bill Head, a resident of Texas, is Royal Freight's sole limited partner. "For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key."[9] The Fifth Circuit has held that an allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship.[10] Residency is just one element of citizenship. "In determining diversity jurisdiction, the state where someone establishes his domicile

---

[8] *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96; *Whalen v. Carter*, 954 F.2d 1087, 1094–95 (5th Cir. 1992). See, also, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[9] *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980), citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[10] *Great Plains Trust Co. v. Morgan Stanley*, 313 F.3d 305, 310 n. 2 (5th Cir. 2002); *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

serves a dual function as his state of citizenship."[11] To establish domicile, both residency and the intention to remain must be demonstrated.[12] This information was not provided with regard to Mr. Head. Similarly, the defendants stated in their removal notice that the individual defendant, Pervis Ellison, is a resident of Texas. They did not allege his domicile or citizenship.

However, evidence of a person's place of residence is *prima facie* proof of his domicile.[13] In this case, the plaintiff has not attempted to refute the presumption that Mr. Ellison and Mr. Head are domiciled in and therefore citizens of the state of Texas. Accordingly, the undersigned will accept that Mr. Ellison and Mr. Head are Texas citizens.

As the removing parties, the defendants have the burden of proving that this Court has jurisdiction over this matter. Thus far, they have pleaded insufficient facts to satisfy that burden.

IT IS THEREFORE ORDERED that, not later than twenty-one days after the date of this order, the defendants shall file a memorandum setting forth specific facts

---

[11] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

[12] *Preston v. Tenet*, 485 F.3d at 798.

[13] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *Preston v. Tenet*, 485 F.3d at 799.

that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The plaintiff will then be allowed seven days to respond to the defendants' memorandum.

Signed at Lafayette, Louisiana, this 17th day of April 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)