UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAY MENARD | CIVIL ACTION NO. 6:11-cv-01517 |
| VERSUS | JUDGE DOHERTY |
| MIDWEST MEDICAL SUPPLY COMPANY, L.L.C. | MAGISTRATE JUDGE HANNA |

## **MEMORANDUM RULING**

Before this Court is the motion (Rec. Doc. 23) filed by the plaintiff, which seeks to compel the defendant to provide full and complete responses to the plaintiffs' discovery requests and also seeks sanctions in the form of attorneys' fees and costs associated with the motion.  The motion is opposed.  (Rec. Doc. 25).  Oral argument was scheduled to be held on November 27, 2012.

The plaintiff claims that he was employed by the defendant from July 2004 until October 2010, when his position was eliminated.  In this lawsuit, the plaintiff seeks to enforce an employment contract and recover compensation that is allegedly owed to him as well as penalty wages, costs, and attorneys' fees.

When the plaintiff's petition was filed in state court on July 8, 2011, the plaintiff simultaneously served requests for the production of documents on the defendant. (Rec. Doc. 1-1 at 6-8).  The plaintiff now complains that the defendant

has never responded to the requests for production and seeks an order from this Court compelling the defendant to respond.

The defendant opposes the motion, arguing that this Court has no authority to compel a response to discovery that was propounded in the state court proceeding before this action was removed to this forum. The defendant's analysis is correct.

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion to compel only (a) responses to interrogatories propounded under Rule 33 and (b) requests for production propounded under Rule 34. The plaintiff's requests for production were not propounded under Rule 34. In *Dufrene v. Pellittieri*, 1996 WL 502459, *7 (E.D. La. 1996), the court noted that "its ability to control or order discovery is limited by the applicable federal procedural rules" and that those rules do not refer to discovery propounded under state procedural rules. In *Dufrene*, the court denied a requested motion to compel.

Relying on *Dufrene*, a Michigan court also denied a requested motion to compel in *Murray v. Atkinson*, 2007 WL 2050815, *2 (E.D. Mich. 2007), stating that "because Plaintiffs filed their discovery requests in state court, the requests at issue were not filed under Rule 34. This Court may not compel the production of documents which were requested under state law absent an agreement among the parties that state court discovery will be used in, and that requests already served may

be compelled in, the federal proceeding." No such agreement has been identified by the parties to this lawsuit. In fact, the defendant's counsel allegedly sent a letter to the plaintiff's counsel on plaintiffs' counsel on September 7, 2012 stating that if the discovery requests were refiled in order to comply with the Federal Rules of Civil Procedure, the defendant would timely respond. (Rec. Doc. 25 at 2). No evidence has been presented indicating that the requests for production actually were refiled.

Additionally, Rule 26(d)(1) of the Federal Rules of Civil Procedure states that a party may not seek discovery until after the Rule 26(f) conference has been held. Therefore, some district court cases have held that any discovery propounded in state court before a suit is removed is no longer answerable following removal.[1] One court has gone so far as to state that "[d]iscovery served in state court becomes null and ineffective upon removal."[2]

The undersigned finds that this Court has no authority to compel the defendant to respond to discovery requests that were propounded in state court before this action was removed but never refiled in this forum.

Accordingly,

---

[1] See, e.g., *O'Keefe v. State Farm Fire & Casualty Co.*, 2009 WL 2058867, *2 (S.D. Miss. 2009).

[2] *Wilson v. General Tavern Corp.*, 2006 WL 290490, *1 (S.D. Fla. 2006).

IT IS ORDERED that the plaintiffs' motion to compel (Rec. Doc. 23) is DENIED.

IT IS FURTHER ORDERED that the plaintiffs' motion for sanctions (Rec. Doc. 23) is DENIED.

IT IS FURTHER ORDERED that oral argument on the motion to compel, which had been scheduled for November 27, 2012, is CANCELLED.

IT IS FURTHER ORDERED that the parties shall contact the undersigned, not later than seven days after the date of this order, for the purpose of scheduling a Rule 16 conference.

Signed at Lafayette, Louisiana, this 21st day of November 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE